IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| R.T.D., by and through his parents, R.D. and M.D., | ) ) ) | CIVIL NO. 10-00641 LEK-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER AFFIRMING THE HEARINGS OFFICER'S
OCTOBER 26, 2010 ORDER GRANTING RESPONDENT'S MOTION
<u>TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>**

Before the Court is an appeal by Plaintiff R.T.D., by and through his parents, R.D. and M.D. ("R.T.D."), of the Administrative Hearings Officer's ("Hearings Officer") Order Granting Respondent's Motion to Dismiss or in the Alternative for Summary Judgment ("Decision"), filed on October 26, 2010. Plaintiff filed his Opening Brief on October 24, 2011. Defendant the Department of Education, State of Hawai`i ("Defendant" or "the DOE") filed its Answering Brief on November 14, 2011, and Plaintiff filed his Reply Brief on November 28, 2001. The Court heard oral argument in this matter on January 3, 2012. Appearing on behalf of Plaintiff was Jennifer Patricio, Esq., and appearing on behalf of Defendant was Kris Murakami, Esq. Pursuant to this Court's order, the parties submitted supplemental briefing after United States District Judge David Alan Ezra issued his decision

in <u>R.P.-K., et al. v. Department of Education</u>, Civ. No. 10-00436 DAE-KSC ("the Class Action").  Plaintiff filed his supplemental brief on April 6, 2012, and Defendant filed its supplemental brief on April 13, 2012.  After careful consideration of the parties' submissions, the arguments of counsel, and the relevant legal authority, the Decision is HEREBY AFFIRMED because this Court agrees with Judge Ezra's decision in the Class Action.

<u>**BACKGROUND**</u>

I.   <u>**Factual and Administrative Background**</u>

On November 5, 2010, R.T.D. filed his Complaint for Declaratory and Injunctive Relief ("Complaint") appealing from the Hearing Officer's Decision.  R.T.D. is a student eligible for services under the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400 <u>et seq.</u>, because he has been diagnosed with Down Syndrome, Mental Retardation, Autism Spectrum Disorder, Mental Illness, Hearing Impairment, Vision Impairment, and Speech and Language Disorder.  [Complaint at ¶¶ 1, 7.]

The Complaint alleges, in pertinent part:

> 10.  R.T.D. has been a student at Kalaheo High School since 2005.

> 11.  R.T.D. turned 20 years of age on June 24, 2010.

> 12.  On or about June 28, 2010 Defendant issued a Prior Written Notice advising that R.D. and M.D.'s request for continued special education and related services beyond the 2009-2010 school year was denied based on Act 163 of the 2010 Hawaii Session Laws [("Act 163")] which prohibits

any student aged 20 or over on the first
instructional day of the school year from
attending public school.

13. Plaintiffs filed a due process complaint
on or about June 30, 2010 raising the following
issues:

a.  Whether Defendant's refusal to
continue to provide R.T.D. with
special education and related
services until his 22nd birthday is
a denial of a [free appropriate
public education ("FAPE")] in
violation of IDEA;

b.  Whether Defendant's refusal to
continue to provide R.T.D. with
special education and related
services until his 22nd birthday
while allowing non-disabled
students over 20 to pursue a CB or
GED high school equivalency diploma
is a denial of FAPE in violation of
IDEA; and,

c.  Whether Defendant should be
estopped from claiming that it can
refuse to provide R.T.D. special
education and related services when
in its application for IDEA funding
it represented that it provided a
FAPE to all students with
disabilities until they become 22
years of age.

14. Act 163 of the 2010 Session Laws of
Hawaii was signed into law on June 3, 2010 and
became effective July 1, 2010.

15. Defendant offers non-disabled students
beyond the age of 20 an opportunity to continue
their education by attending adult education
classes in pursuit of CB (competency-based) or a
GED (General Education Development) high school
equivalency diplomas.

16. In its application for IDEA funding, Defendant represented that a free and appropriate public education is available to all children with disabilities residing in the State until age 22.

17. Defendant has acknowledged that R.T.D. continues to need special education and related services in order to receive a meaningful educational opportunity.

18. Defendant's administrative rules terminate eligibility for special education and related services when a student reaches 20 years of age before the first instructional day of the school year.

19. R.T.D. would benefit from further education with appropriate special education and related services. Defendant's denial of FAPE is based solely on the fact that he is 20 years of age.

[Complaint at pgs. 3-5.]

The Complaint alleges the following claims: the Hearings Officer erred in determining that he lacked jurisdiction over the issues in the due process complaint; the Hearings Officer erred in applying the age-eligibility rule in Act 163 instead of the IDEA requirement that the provision of FAPE extends to age twenty-two; refusal to provide R.T.D. special education and related services until his twenty-second birthday while allowing non-disabled students to pursue CB or GED diplomas violates Title II of the Americans with Disabilities Act ("ADA"); Defendant's actions violate Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"); and Defendant should be estopped from terminating the offer of FAPE at age twenty because it

represented to the federal government in its applications for
IDEA funding that it provided FAPE to students ages three to
twenty-one, inclusive.

## II.  <u>Plaintiff's Opening Brief</u>

In his Opening Brief, Plaintiff contends that the
Hearings Officer's Decision is not entitled to deference because
it was cursory and erroneous.  In particular, the Hearings
Officer: found that students with disabilities could enroll in
the DOE's continuing education program, but he ignored the fact
that students with disabilities would not be able to benefit from
the program without the necessary services; and failed to
consider whether offering high school equivalency courses to non-
disabled students ages twenty and twenty-one is consistent with
denying a FAPE to disabled students of the same age.

Plaintiff argues:

> Defendant's eligibility for federal funds
> under IDEA is conditioned on its having policies
> and procedures in effect ensuring that a . . .
> [FAPE] is available to students "between the ages
> of 3 and 21, inclusive."  20 U.S.C.
> § 1412(a)(1)(A).  States are exempted from the
> obligation to make FAPE available to children 18
> through 21, however, if:

>> its application to those children would be
>> inconsistent with state law or practice, or
>> the order of any court, respecting the
>> provision of public education to children in
>> those age ranges.

> 20 U.S.C. § 1412(a)(1)(B).  According to the
> legislative history, the exception from IDEA's age
> eligibility rule:

shall not apply . . . (1) where a State does
*in fact* provide or assure the provision of
free public education to non-handicapped
children in these age groups.

S. Rep. No. 94-168 at 19, reprinted at 2 U.S.
Code, Cong., Adm. News (1975) at 1443 (italics in
original).

Providing FAPE to disabled students in
Hawai`i aged 18 to 22 is not inconsistent with
Hawai`i law regarding the provision of public
education generally.  Students between 20 and 22
may enroll in one of two high school equivalency
programs that Defendant offers without limitation.
*See* Haw. Rev. Stat. § 302A-433(3) (2007).  Those
programs constitute "public education" as the term
is used in 20 U.S.C. § 1412(a)(1)(A). . . .

[Opening Brief at 12-13 (footnotes omitted).]  Plaintiff

therefore argues that providing services to students with

disabilities would not be inconsistent with state law and would

be consistent with the long standing State practice of providing

the adult education programs to students over twenty.  Plaintiff

also argues that this district court's ruling in <u>B.T. ex rel.</u>

<u>Mary T. v. Department of Education, State of Hawaii</u>, 637 F. Supp.

2d 856 (D. Hawai`i 2009), enjoining the State of Hawai`i from

denying special education services based solely on a student's

attaining the age of twenty, is evidence that the State's

practices under Act 163 violate the IDEA and discriminate against

disabled students.  The State legislature enacted Act 163 in

response to <u>B.T.</u>, but Plaintiff argues that Act 163 itself

violates the IDEA and discriminates against disabled students.

Plaintiff argues that there is some uncertainty about <u>B.T.</u>

6

because Defendant has interpreted the case as requiring students with disabilities over age twenty to prove that they would benefit from further education, but Plaintiff argues that this interpretation is not warranted.  Plaintiff asks this Court to clarify the issue.

Finally, Plaintiff argues that he has proven his prima facie case under the ADA and the Rehab Act.

## III. **Defendant's Answering Brief**

In its Answering Brief, Defendant emphasizes that not all of the issues which Plaintiff raises in the Opening Brief were raised in the administrative due process proceeding. Defendant contends that the only issues before this Court are: did the Hearings Officer err in ruling that he did not have jurisdiction over the case; does the IDEA require that Defendant provide Plaintiff with services through age twenty-two in spite of Act 163; and is the DOE estopped from claiming that the upper age limit to qualify for services under the IDEA is twenty?

Defendant contends that the Hearings Officer properly ruled that he did not have jurisdiction because the due process complaint did not meet the requirements of Haw. Admin. R. § 8-60-61(a)(1), which is consistent with 34 C.F.R. § 300.507.  Even assuming, *arguendo*, that the Hearings Officer had jurisdiction over the due process complaint, Defendant contends that the Hearings Officer was still required to dismiss the due process

7

complaint because 20 U.S.C. § 1412(a)(1)(B) does not obligate the
DOE to provide a FAPE to students between the ages of twenty to
twenty-one inclusive, and Act 163 addressed the flaw identified
in the B.T. decision.

Defendant also argues that the DOE allows all adults
over the age of eighteen to participate in the CB program or the
GED program.  Defendant notes that the IDEA is not an anti-
discrimination statute; it is an entitlement program with
specific eligibility requirements, including age.  In contrast,
the Rehab Act is an anti-discrimination statute, but it does not
require educational institutions to disregard students'
disabilities, to modify their programs to allow disabled students
to participate, or to lower or modify their standards to
accommodate disabled students.  Further, Defendant argues that
R.T.D. has no standing to challenge the adult education programs
because there is no evidence that he applied for and was denied
admission or access to any adult education program because of his
disability.

As to the judicial estoppel claim, Defendant contends
that this argument is precluded under the summary judgment order
in the Class Action.  See R.P.-K. v. Dep't of Educ., Haw., 817 F.
Supp. 2d 1182, 1199-201 (D. Hawai`i 2011).

As to Plaintiff's argument regarding the B.T. decision,
Defendant emphasizes that Plaintiff did not raise this in the due

process complaint.  Further, the issues that were raised in <u>B.T.</u> are distinct from those in the instant case, and Plaintiff cannot overcome the fact that Plaintiff does not have standing because there is no actual case in controversy and no actual injury.

Finally, Defendant argues that Plaintiff has not established a prima facie case for his ADA claim or his Rehab Act claim for the reasons stated in the Class Action summary judgment order.  <u>See</u> <u>R.P.-K.</u>, 817 F. Supp. 2d at 1196-99.

## IV. **Plaintiff's Reply Brief**

In his Reply Brief, Plaintiff largely reiterates the arguments that he raised in the Opening Brief.  Plaintiff emphasizes that the adult education program, while theoretically open to everyone, would have little or no value to disabled students without the necessary services.  Thus, the program is discriminatory.

**STANDARDS**

## I. **IDEA Overview**

"The IDEA is a comprehensive educational scheme, conferring on disabled students a substantive right to public education."  <u>Hoeft v. Tucson Unified Sch. Dist.</u>, 967 F.2d 1298, 1300 (9th Cir. 1992) (citing <u>Honig v. Doe</u>, 484 U.S. 305, 310, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988)).  The IDEA ensures that "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).  According to

the IDEA, a FAPE is

> special education and services that—(A) have
> been provided at public expense, under public
> supervision and direction, and without
> charge; (B) meet the school standards of the
> State educational agency; (C) include an
> appropriate preschool, elementary school or
> secondary school education in the State
> involved; and (D) are provided in conformity
> with the individualized education program
> required under section 1414(d) of this title.

20 U.S.C. § 1401(9). To provide a FAPE in
compliance with the IDEA, a state educational
agency receiving federal funds must evaluate a
student, determine whether that student is
eligible for special education and services,
conduct and implement an [individualized
educational program ("IEP")], and determine an
appropriate educational placement of the student.
20 U.S.C. § 1414.

Student's FAPE must be "tailored to the
unique needs of the handicapped child by means of
an 'individualized educational program' (IEP)."
Hendrick Hudson Cent. Sch. Dist. Bd. of Educ. v.
Rowley, 458 U.S. 176, 181, 102 S. Ct. 3034, 73 L.
Ed. 2d 690 (1982) ("Rowley") (citing 20 U.S.C. §
1401(18)). The IEP, which is prepared at a
meeting between a qualified representative of the
local educational agency, the child's teacher, the
child's parents or guardian, and, where
appropriate, the child, consists of a written
document containing

> (A) a statement of the present levels of
> educational performance of such child, (B) a
> statement of annual goals, including
> short-term instructional objectives, (C) a
> statement of the specific educational
> services to be provided to such child, and
> the extent to which such child will be able
> to participate in regular educational
> programs, (D) the projected date for
> initiation and anticipated duration of such
> services, and (E) appropriated objective
> basis, whether instructional objectives are

10

being achieved.

> 20 U.S.C. § 1401(19).  Local or regional
> educational agencies must review, and where
> appropriate revise, each child's IEP at least
> annually.  20 U.S.C. §§ 1414(a)(5),
> 1413(a)(11). . . .

J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431,

432 (9th Cir. 2010).

## II.  Standard of Review

The standard for district court review of an

administrative decision under the IDEA is set forth in 20 U.S.C.

§ 1415(i)(2)(C), which provides:

> In any action brought under this paragraph, the
> court –
>
> > (i) shall receive the records of the
> > administrative proceedings;
> >
> > (ii) shall hear additional evidence at the
> > request of a party; and
> >
> > (iii) basing its decision on the
> > preponderance of the evidence, shall grant
> > such relief as the court determines is
> > appropriate.

This standard requires that the district court give "'due

weight'" to the administrative proceedings.  L.M. v. Capistrano

Unified Sch. Dist., 556 F.3d 900, 908 (9th Cir. 2009) (citations

omitted).  The district court, however, has the discretion to

determine the amount of deference it will accord the

administrative ruling.  J.W., 626 F.3d at 438 (citing Gregory K.

v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987)).  In

reaching that determination, the court should consider the
thoroughness of the hearings officer's findings, increasing the
degree of deference where said findings are "'thorough and
careful.'" L.M., 556 F.3d at 908 (quoting Capistrano Unified
Sch. Dist. v. Wartenberg, 59 F.3d 884, 892 (9th Cir. 1995)). The
district court should give "substantial weight" to the hearings
officer's decision when the decision "evinces his careful,
impartial consideration of all the evidence and demonstrates his
sensitivity to the complexity of the issues presented." Cnty. of
San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d 1458,
1466-67 (9th Cir. 1996) (citation and quotation marks omitted)).
Such deference is appropriate because "if the district court
tried the case anew, the work of the hearing officer would not
receive 'due weight,' and would be largely wasted." Wartenberg,
59 F.3d at 891. "[T]he ultimate determination of whether an IEP
was appropriate," however, "is reviewed de novo." A.M. ex rel.
Marshall v. Monrovia Unified Sch. Dist., 627 F.3d 773, 778 (9th
Cir. 2010) (citing Wartenberg, 59 F.3d at 891).

A court's inquiry in reviewing IDEA administrative
decisions is twofold:

> "First, has the State complied with the procedures
> set forth in the Act? And second, is the
> individualized educational program developed
> through the Act's procedures reasonably calculated
> to enable the child to receive educational
> benefits?" [Rowley, 458 U.S. at 206-07]
> (footnotes omitted). "If these requirements are
> met, the State has complied with the obligations

12

imposed by Congress and the courts can require no more." <u>Id.</u> at 207.

<u>J.L. v. Mercer Island Sch. Dist.</u>, 592 F.3d 938, 947 (9th Cir. 2010) (some citations omitted).

The burden of proof in an IDEA appeal proceeding is on the party challenging the administrative ruling. <u>Hood v. Encinitas Union Sch. Dist.</u>, 486 F.3d 1099, 1103 (9th Cir. 2007) (citations omitted). The challenging party must show, by a preponderance of the evidence, that the hearing decision should be reversed. <u>J.W.</u>, 626 F.3d at 438 (citations omitted).

## **DISCUSSION**

In the Class Action, Judge Ezra granted summary judgment in favor of the DOE on the plaintiffs' judicial estoppel claim, because the DOE "fully discloses that general eligibility criteria are contingent upon a student being between the ages of three and twenty. Without a misrepresentation on the form, and in light of this disclosure, the Court finds the doctrine of judicial estoppel does not require Defendant to provide Plaintiffs a FAPE beyond the age of twenty." <u>R.P.-K.</u>, 817 F. Supp. 2d at 1201.

Judge Ezra presided over a bench trial in the Class Action. In his Findings of Fact, Conclusions of Law, and Decision ("Class Action Decision"), Judge Ezra ruled in favor of the DOE on the plaintiffs' IDEA claim. Judge Ezra found:

Plaintiffs have not demonstrated that the DOE has

13

a state law or practice whereby non-disabled
students between the ages of twenty and twenty-two
are being provided the functional equivalent of a
secondary school education.  Therefore, lowering
the age limit for FAPE eligibility to twenty
pursuant to Act 163 is consistent with the State's
law and practice respecting the provision of
public education to general education students
over the age of twenty.  In short, Plaintiffs have
not established a violation of the IDEA.

R.P.-K. ex rel. C.K. v. Dep't of Educ., Haw., Civ. No. 10-00436
DAE-KSC, 2012 WL 1082250, at *8 (D. Hawai`i Mar. 30, 2012)
(footnote omitted).

       Judge Ezra also ruled in favor of the DOE on the
plaintiffs' ADA and Rehab Act claims, finding that the plaintiffs
did "not establish[] that the DOE failed to provide reasonable
accommodations necessary to avoid discrimination on the basis of
a disability in violation of Title II of the ADA and § 504 of the
Rehab Act."  Id. at *9.

       This Court directed R.T.D. and Defendant to file
supplemental briefs addressing the relevance of the Class Action
Decision to the instant case.  [Dkt. no. 34.]  Although stating
his disagreement with the Class Action Decision, R.T.D.
recognizes that, if this Court were to follow the Class Action
Decision, "the DOE would likely prevail in this appeal because
identical issues are raised in both cases."  [Pltf.'s Suppl. Br.
at 2.]  Similarly, Defendant recognizes that the issues raised in
the Class Action were identical to the issues raised in R.T.D.'s
appeal.  Defendant urges the Court to follow the Class Action

Decision and affirm the Hearings Officer's Decision. [Defs.' Suppl. Br. at 2-3.]

This Court agrees with the parties that the issues raised in R.T.D.'s appeal are identical to the issues that Judge Ezra ruled upon in the Class Action. Further, this Court agrees with Judge Ezra's summary judgment order and the Class Action Decision. This Court therefore finds in favor of Defendant on all claims in R.T.D.'s Complaint.

<strong><u>CONCLUSION</u></strong>

On the basis of the foregoing, the Hearings Officer's October 26, 2010 Order Granting Respondent's Motion to Dismiss or in the Alternative for Summary Judgment is HEREBY AFFIRMED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**R.T.D., EX REL R.D. V. DEPARTMENT OF EDUCATION; CIVIL NO. 10-00641 LEK-RLP; ORDER AFFIRMING THE HEARINGS OFFICER'S OCTOBER 26, 2010 ORDER GRANTING RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**